Brady, J.
The appellant was convicted of robbery in the-second degree. The complainant, at the police court, to which the appellant had been taken as the suspected criminal, selected another as the person who robbed him, but *35 when he had a full view of the appellant, at once declared to be the culprit. There can be no doubt that at first he designated another as the person who took his property from him, but this error was explained, and seemingly in a manner satisfactory to the jury, to whom the question was properly left. The complainant, after his identification of the appellant, adhered to his statement that he was the man, and was not at all in doubt about it. If he had not committed the error mentioned in selecting another person, no question could be properly presented against the accuracy of his judgment and knowledge on the subject.
When such discrepancies mark the trial the credibility of the witness—the value—the reliability of his evidence must be left for the decision of the jury whether contradicted or not. There is no other method of disposing of the charge to which the testimony relates, and we must accept the result unless some established rule of law has been violated or the preponderance of evidence is clearly in favor of the appellant.
We cannot order a new trial, although the evidence be not strictly satisfactory to us to warrant the conviction and the grave consequences which ensue from it. Here the appellant denied the commission of the offense charged, but he was found in the vicinity in which the robbery took place, and had before been convicted of a felony His testimony was doubtless received with great misgivings and it may be that the evidence of identity, though regarded as slight, was magnified in strength and importance by the appellant’s unfortunate history. His appeal has not been prejudiced or slighted on this account. He must be meted the full measure of justice, and have considered add applied to his cause all the rules of law which would control that of any other person. If there was ought in it calling for a new trial, it would be granted without the least hesitation. His counsel is right in expressing this view.
His conviction for robbery in the second degree was correct. Sections 225 and 226 leave no doubt upon that subject. When the property is taken by force, the degree of force is immaterial. This is the rule now whatever it may have been heretofore.
The judgment must therefore be affirmed.
Van Brunt, P. J., and Daniels, J., concur.